## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**MARK HICKS**                                                    **PETITIONER**

**v.**                                        **Civil No. 3:20-cv-458-DPJ-BWR**

**STATE OF MISSISSIPPI,** *et al*                        **RESPONDENTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the [1] Petition for Writ of Habeas Corpus filed by Petitioner Mark Hicks. Respondents State of Mississippi, Commissioner Burl Cain, and Mississippi Attorney General Lynn Fitch have filed a [7] Response and Petitioner a [9] Reply. Having considered the record, the parties' submissions, and relevant legal authority, the undersigned United States Magistrate Judge recommends dismissing the [1] Petition for Writ of Habeas Corpus with prejudice. The undersigned further recommends that Petitioner's request for an evidentiary hearing be denied.

## I. BACKGROUND

On or about January 10, 2018, Petitioner Mark Hicks ("Petitioner" or "Hicks") was found guilty by a jury in the Circuit Court of Simpson County, Mississippi, Thirteenth Judicial District, on one count of possessing stolen property in violation of Mississippi Code Annotated § 97-17-70. *See* R. [8-1] at 116; *see also Hicks v. State*, 294 So.3d 1191, 1192 (Miss. Ct. App. 2019), *cert. denied*, 284 So.3d 754 (Miss. 2019). The court sentenced Hicks, as a habitual offender, under Mississippi Code Annotated § 99-19-81, to serve five years imprisonment in the custody of the Mississippi Department of Corrections. *See* R. [8-1] at 116-17.

Hicks, through counsel, moved for a new trial or in the alternative, judgment notwithstanding the verdict, *see id*. at 119, but his motion was denied on January 26, 2018, *see id*. at 123. Hicks appealed, *see id*. at 136, and the Mississippi Court of Appeals affirmed his conviction and sentence on April 23, 2019, *see* R. [8-8] at 29-38; *Hicks*, 294 So.3d at 1192.

Hicks' appellate counsel informed him via letter that he would not file a motion for rehearing on Hicks' behalf. R. [8-7] at 9. Appellate counsel explained that while he may disagree with the outcome of Hicks' appeal, he did "not find the [Mississippi] Court of Appeals mis-applied the law, nor mis-apprehended the facts." *Id*. Appellate counsel also explained that a motion for rehearing was necessary to seek a writ of certiorari from the Mississippi Supreme Court, *id*., and filed a motion for enlargement of time for Hicks to file such a motion pro se, *see id*. at 13-15. Appellate counsel further informed Hicks of the option to contest his conviction via a motion for post-conviction relief. *Id*. at 9.

Hicks, proceeding pro se, moved for rehearing, s*ee* R. [8-7] at 6-7, which the Mississippi Court of Appeals denied on August 27, 2019, *see id*. at 4. Hicks then filed a petition for writ of certiorari with the Mississippi Supreme Court on November 25, 2019, *see* R. [8-8] at 19-55, but his petition was denied as untimely on December 3, 2019,[1] *id*. at 17. S*ee also Hicks*, 284 So.3d 754.

On May 14, 2019, Hicks signed an "Application for Leave to Proceed in the Trial Court" with a post-conviction relief motion ("PCR Motion"). *See* R. [8-9] at 4.

---

[1] The Mississippi Supreme Court noted that Hicks' petition for a writ of certiorari was untimely despite having been provided two extensions of the filing deadline. R. [8-8] at 17; *Hicks*, 284 So.3d 754.

Hicks also signed an accompanying "Petition for Post-Conviction Collateral Relief." *See id.* at 7-17. The Mississippi Supreme Court denied Hicks' requests on June 18, 2020, on the ground that Hicks' ineffective assistance of counsel claims "fail[ed] to satisfy the requisite prongs of deficient performance and prejudice outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." R. [8-9] at 2. The Mississippi Supreme Court further concluded that Hicks' remaining claims were procedurally barred by Mississippi Code Annotated § 99-39-21 and that notwithstanding the procedural bar, Hicks' remaining claims were "without merit." *Id.*

On July 9, 2020, Hicks signed a [1] Petition seeking a writ of habeas corpus from this Court, under 28 U.S.C. § 2254, which was filed of record on July 13, 2020. Pet. [1] at 1-29. Hicks' [1] Petition asserts three federal habeas claims:

1. Petitioner is convicted and in custody of MDOC in violation[] of the United States Constitution[,] laws[,] and treaties[,] denying due process and equal protection of [the] law by error in allowing evidence of other crimes to obtain conviction.
   …

2. Petitioner was convicted and is in custody of MDOC in violation[] of the United States Constitution[,] laws[,] and treaties [and] the Mississippi Constitution and state laws, through false imprisonment by perjury of witness[,] fraud[,] defective indictments[,] vindictive prosecutorial misconduct[,] bias[,] prejudicial judge[,] denial of preliminary hearing[,] fast speedy trial[,] suppression of exculpatory evidence on laws void for vagueness[,] lack of proper jury instructions[,] denial of due process and equal protection of law.
   …

> 3. Petitioner was convicted and is in custody of MDOC in violation of the United States Constitution[,] laws[,] an[d] treaties [and] the Mississippi Constitution and state laws by denial of competent effective assistance of trial and appellate counsel.

*Id.* at 16-29 (all sic in original). Respondents State of Mississippi, Commissioner Burl Cain, and Mississippi Attorney General Lynn Fitch (collectively "Respondents") have filed a [7] Response in Opposition. Respondents argue that Hicks' first two federal habeas claims are procedurally barred. *Id.* at 7-12. Respondents further argue that Hicks is not entitled to relief on his third federal habeas claim – ineffective assistance of trial and appellate counsel – because Hicks has failed to demonstrate that the Mississippi Supreme Court's decision was an unreasonable determination of the facts based on the evidence presented. *Id.* at 12-35. Hicks subsequently filed a [9] Reply essentially asserting that Respondents' [7] Response is frivolous and arguing that he is entitled to federal habeas relief as a matter of law. *Id.* at 1-3.

## II. DISCUSSION

**A.    Petitioner's First and Second Claims are Procedurally Barred.**

i.    <u>Relevant Legal Authority</u>

Federal habeas review is procedurally barred "[i]f a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997); *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citations omitted).

A habeas petitioner may overcome the procedural bar in two ways. First, the petitioner can overcome the procedural bar by showing cause for it and actual prejudice from its application. *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008). For a finding of cause, "there must be something *external* to the petitioner, something that cannot fairly be attributed to him" which prevented him from raising and discussing the claims as grounds for relief in state court. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)(emphasis in original), *modified on other grounds*, *Martinez v. Ryan*, 566 U.S. 1 (2012). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003).

Second, the petitioner can overcome the procedural bar by showing that a fundamental miscarriage of justice would result if the procedural bar were applied. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). To show that such a miscarriage of justice would occur, a petitioner must prove "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citations omitted). Further, the petitioner must support his allegations with new, reliable evidence, that was not presented at trial, and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 644 (citations omitted).

ii.   <u>Analysis</u>

a.   *Ground One*

Hicks first claims that he is entitled to federal habeas relief because the state court violated his constitutional rights by allowing evidence at trial of other past crimes in violation of Rule 404(b) of the Mississippi Rules of Evidence. Pet. [1] at 16-19. On direct appeal, the Mississippi Court of Appeals held that Hicks' claim was procedurally barred by the failure to contemporaneously object at trial. R. [8-8] at 33; *Hicks*, 294 So.3d at 1193.

The Fifth Circuit has long held that Mississippi's contemporaneous objection rule is an adequate state procedural bar because Mississippi courts have strictly and regularly imposed the bar for failing to raise such issues at trial. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992); *see also Day v. King*, Civ. No. 1:03-cv-624, 2006 WL 2541600, at *4 (S.D. Miss. Aug. 31, 2006) (listing Mississippi cases holding issues procedurally barred for failure to lodge a contemporaneous objection). Because the Mississippi Court of Appeals expressly dismissed Hicks' claim on an independent and adequate state procedural rule, the claim is procedurally barred from federal habeas review, *Guidry v. Lumpkin*, 2 F.4th 472, 486 (5th Cir. 2021), unless Hicks can demonstrate the applicability of either exception.

Hicks fails to demonstrate, or even attempt to demonstrate, the applicability of either procedural bar exception. Hicks has not asserted that an external force prevented him from lodging his evidentiary objection at trial. Even if he had made such an assertion, Hicks has not demonstrated that had the trial court excluded the

6

allegedly objectional evidence, the trial's outcome would have been different. Nor has Hicks brought forth any new, reliable evidence to establish that he is innocent of the crime for which he was convicted.[2] Even if he had made such a showing, Hicks has failed to demonstrate that no reasonable juror would have convicted him in light of that new evidence. Accordingly, Hicks' first federal habeas claim is procedurally barred, and the undersigned recommends its dismissal.

   b.   *Ground Two*

Hicks next claims that he is entitled to federal habeas relief because he was convicted and is in custody in violation of the federal Constitution and unspecified federal laws, unspecified treaties, and the Mississippi Constitution and unspecified state laws, through false imprisonment based on perjury of a witness, fraud, defective indictments, vindictive prosecutorial misconduct, bias, a prejudicial judge, the denial of a preliminary hearing, the denial of a speedy trial, the suppression of exculpatory evidence based on laws that are void for vagueness, the lack of proper jury

---

[2] Hicks offers an extensive argument that Simpson County Sherriff's Department Criminal Investigator Joe Andrews' ("Investigator Andrews") reference, at trial, to an arrest warrant from a different county violated the trial court's previous ruling excluding evidence of prior criminal acts and Mississippi Rule of Evidence 404(b). *See* Pet. [1] at 17-18. But Hicks' argument does not present "new, reliable evidence, that was not presented at trial" *Fairman*, 188 F.3d at 644; instead, it is merely Hicks' argument over testimony at trial. Notwithstanding, the record undermines Hicks' assertion. Hicks' trial counsel sought to prevent the State from referring to any stolen goods from a separate Rankin County incident but specifically conceded that the State could mention that officers "were out [at Hicks' house] for a warrant." R. [8-3] at 12. The trial judge seemingly agreed, concluding that the State could not reference prior criminal acts by Hicks but could introduce testimony that officers were at Hicks' property on the day in question to serve a warrant from another county. *Id.* at 13. The record seemingly indicates that Investigator Andrews did not exceed the scope of the trial court's order. Investigator Andrews testified that he was at Hicks' property on the day in question because of a warrant from another county but did not discuss the prior Rankin County incident or the stolen good related to that incident. R. [8-4] at 16. Thus, Hicks' argument appears meritless. The undersigned also notes that Hicks' trial counsel did not make any contemporaneous objection that Investigator Andrews' testimony exceeded the trial court's order.

instructions, and the denial of due process and equal protection of the law. *See* Pet. [1] at 19-25. Respondents counter that this claim is also barred from federal habeas review. Resp. [7] at 8.

Hicks raised this multifarious claim in his Application for Leave to Proceed with a PCR Motion filed with the Mississippi Supreme Court. *See* R. [8-9] at 4. The Mississippi Supreme Court determined that this claim, which it identified as Hicks' "remaining claims" – was either "raised at trial and on appeal or were capable of being raised in those proceedings." R. [8-9] at 2. The Mississippi Supreme Court, therefore, held that the claim was procedurally barred by Mississippi Code Annotated § 99-39-21. R. [8-9] at 2. The Mississippi Supreme Court further held that notwithstanding the procedural bar Hicks' multifarious claim was "without merit." *Id*.

Mississippi Code Annotated § 99-39-21 imposes two distinct procedural bars. Mississippi Code Annotated § 99-39-21(1) provides that the:

> [f]ailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Miss. Code Ann. § 99-39-21(1).

A review of the record demonstrates that Hicks did not raise his multifarious claim at trial. *See generally* R. [8-3] at 1-87; R. [8-4] 1-82. Nor did Hicks raise this claim on direct appeal. *See Cf*. R. [8-6] at 5 (raising one issue "[w]hether the Trial Court Erred in Allowing Evidence of Other Crimes."). Because Hicks failed to raise

the objections, claims, issues, and error, asserted in his multifarious claim, at the trial court and/or on direct appeal to the Mississippi Court of Appeals, and the objections, claims, issues, and errors in the multifarious claim were capable of being raised, that claim was barred from consideration by the Mississippi Supreme Court on post-conviction relief under Mississippi Code Annotated § 99-39-21(1).

Thus, the question becomes whether Mississippi Code Annotated § 99-39-21(1) provides an independent and adequate ground for the dismissal. *Nobles*, 127 F.3d at 420. The Fifth Circuit has long held that Mississippi Code Annotated § 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the bar, however, depends on "whether Mississippi has strictly or regularly applied it." *Id.* (citation omitted).

On that point, Hicks bears "the burden of showing that the state did not strictly or regularly follow [Mississippi Code Annotated § 99-39-21(1)] around the time of his appeal" and "that the state has failed to apply [Mississippi Code Annotated § 99-39-21(1)] to claims identical or similar to those raised by [Hicks]." *Stokes*, 123 F.3d at 860. Hicks has failed to carry that burden. Hicks has not demonstrated that Mississippi did not strictly or regularly apply Mississippi Code Annotated § 99-39-21(1) around the time he filed his appeal. Nor has Hicks attempted to demonstrate that Mississippi did not apply Mississippi Code Annotated § 99-39-21(1) to claims similar to his. Thus, Hicks has failed to demonstrate that Mississippi Code Annotated § 99-39-21(1) is not an adequate ground for dismissal. Because Hicks has failed to

carry his burden, Mississippi Code Annotated § 99-39-21(1) operates as an adequate ground for the dismissal.

Mississippi Code Annotated § 99-39-21(2) imposes a second distinct procedural bar. Subsection § 99-39-21(2) procedurally bars the Mississippi Supreme Court from reviewing an argument in a petition for post-conviction relief that was disposed of on direct appeal. As the Fifth Circuit has explained, "when a claim is procedurally barred pursuant to subsection 99–39–21(2), federal courts are not prevented from reviewing the merits of a claim, *as long as the claim was not procedurally barred for some other reason.*" *Jackson v. Epps*, 447 F. App'x 535, 544 (5th Cir. 2011) (emphasis added) (citing *Foster v. Johnson*, 293 F.3d 766, 787 n. 12 (5th Cir. 2002)).

In this case, Mississippi Code Annotated § 99-39-21(2) was not the lone procedural bar on Hicks' multifarious claim. As previously explained, Subsection§ 99-39-21(1) also operated as a procedural bar on the claim. Because Hicks' claim was procedurally barred "for some other reason" the Court cannot review the merits of the claim. *Jackson*, 447 F. App'x at 544. Moreover, because Mississippi Code Annotated § 99-39-21(1) was an independent and adequate state law ground for dismissal, Hicks' second multifarious claim is barred from federal habeas review, *Guidry*, 2 F.4th at 486, unless Hicks can demonstrate the applicability of either exception to the procedural bar on federal habeas review.

Hicks fails to demonstrate, or even attempt to demonstrate, the applicability of either exception. *Hughes*, 530 F.3d at 341; *Martin*, 98 F.3d at 849. Hicks has not asserted that an external force prevented him from raising this multifarious claim in

state court. Hicks has failed to demonstrate that the trial's outcome would have been different. Nor has Hicks brought forth any new, reliable evidence to establish that he is innocent of the crime for which he was convicted. Even if he had made such a showing, Hicks has failed to demonstrate that no reasonable juror would have convicted him in light of that new evidence. Thus, Hicks has failed to demonstrate the existence of an exception to overcome the procedural bar on federal habeas review.

Notwithstanding the procedural bar, the Mississippi Supreme Court held that Hicks' multifarious claim was without merit. R. [8-9] at 2. "Where a State court holds a claim barred on independent and adequate State law grounds and reaches the merits of the claim in the alternative, the bar imposed by the State court is not vitiated." *Jackson v. Epps*, Civ. No. 4:03-cv-461, 2010 WL 3853158, at *4 (S.D. Miss. Sept. 28, 2010), *affirmed*, 447 F. App'x 535 (5th Cir. 2011) (citing *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989)). *See also Hughes v. Dretke*, 412 F.3d 582, 592-93 (5th Cir. 2005) (alternate holding on merits by state court did not preclude imposition of bar on federal habeas review for petitioner's failure to contemporaneously object on federal constitutional grounds in state court); *Thacker v. Dretke*, 396 F.3d 607, 614 (5th Cir. 2005) (procedural bar imposed for petitioner's failure to contemporaneously object and preserve claim for review not circumvented by State court's alternative holding that constitutional claim lacked merit). Accordingly, Hicks' second multifarious claim is procedurally barred from federal habeas review, and the undersigned recommends its dismissal.

**B.      Petitioner is not Entitled to Federal Habeas Relief on his Third Claim.**

   i.   <u>Relevant Legal Authority</u>

      a.   *Anti-Terrorism and Effective Death Penalty Act*

Federal habeas review is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, a petitioner may not obtain federal habeas relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012); *Brown v. Payton*, 544 U.S. 133, 141 (2005). When reviewing a mixed question of law and fact, "a federal court may grant habeas relief only if it determines that the state court decision rested on 'an unreasonable application of clearly established federal law as determined by the Supreme Court' to the facts of the case." *Lockhart v. Johnson*, 104 F.3d 54, 56-57 (5th Cir. 1997), *cert. denied*, 521 U.S. 1123 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir. 1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120, 133 (2010); *Wiggins v.*

*Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, a petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

Federal courts look to the "last reasoned opinion" as the state court's "decision." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012); *see Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "Where a state court's decision is unaccompanied by an explanation," and the lower courts did not issue a reasoned opinion, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. at 98; *see Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding that there is a rebuttable presumption that the federal claim was

adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

Review under the AEDPA is "highly deferential" to the state court's decision. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington*, 562 U.S. at 102 (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)). To merit relief under the AEDPA, a petitioner may not merely show legal error in the state court's "decision." *White v. Woodall*, 572 U.S. 415, 419 (2014) (stating being "merely wrong" or in "clear error" will not suffice federal relief under the AEDPA). AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal citation and quotation marks omitted). "[F]ocus[ing] on what a state court knew and did," *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011), [the] AEDPA requires inmates to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *White*, 572 U.S. at 419-20 (quoting *Harrington*, 562 U.S. at 103). As the Supreme Court explained, "[i]f this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

      b.   *Ineffective Assistance of Counsel*

Federal courts examine ineffective assistance of counsel claims pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, a criminal

defendant must show both that counsel rendered deficient performance and that counsel's actions resulted in actual prejudice. *Id*. Demonstrating deficient performance requires a showing that, in light of the circumstances as they appeared at the time of the conduct, "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id*. at 687-88. But there exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The Fifth Circuit has explained that counsel's strategic decisions must be given a strong degree of deference. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). Thus, on federal habeas review, if there is any "reasonable argument that counsel satisfied *Strickland's* deferential standard," the state court's denial must be upheld. *Harrington*, 562 U.S. at 105.

Demonstrating actual prejudice requires a showing that counsel's deficient performance was "so serious as to deprive the [criminal] defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This requires demonstrating a reasonable probability that but for counsel's deficiencies, the result of the proceeding would have been different. *Id*. at 694.

As the United States Supreme Court has explained:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is

15

> any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington*, 562 U.S. at 105 (cleaned up); *see also Trottie v. Stephens*, 720 F.3d 231, 240-41 (5th Cir. 2013) ("even a strong case for relief does not mean the state court's contrary conclusion was unreasonable") (quoting *Richter*, 562 U.S. at 102)).

ii.    <u>Analysis</u>

Hicks claims that he is entitled to federal habeas relief based on the ineffective assistance of trial and appellate counsel. Pet. [1] at 25. Specifically, Hicks contends that his trial counsel acted ineffective by allegedly: (1) failing to object to unlawful amendments to the indictment; (2) failing to object to the violation of his right to a speedy trial; (3) failing to object to lack of a proper arraignment; (4) failing to conduct a sufficient investigation, call witnesses, and compel James Lewis to testify; (5) coercing Hicks not to testify at trial; (6) failing to object to the evidence as insufficient and Mississippi Code Annotated § 97-17-70 as unconstitutional; and (7) failing to file certain motions. Hicks further contends that his appellate counsel acted ineffective by failing to raise an ineffective assistance of counsel claim against his trial counsel.

The Fifth Circuit has determined that the issue of ineffective assistance of counsel presents a mixed question of law and fact. *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012); *Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2010). Because the Mississippi Supreme Court adjudicated Hicks' ineffective assistance of counsel claim on the merits, federal habeas relief is only available if the Mississippi Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly

established" Supreme Court precedent. *See Kittelson v. Dretke*, 426 F.3d 306, 318 (5th Cir. 2005). The Court addresses each of Hicks' contentions in turn.

     a.   *Ineffective Assistance of Trial Counsel Claim*

          1.  **Allegedly Failing to Object to Unlawful Amendments to the Indictment**.

Hicks first contends that his trial counsel was ineffective by allegedly failing to object to unlawful amendments to the indictment. Pet. [1] at 26. Hicks argues that the trial record supports this contention by demonstrating his trial counsel's alleged incompetence and ignorance of the law. *Id.* ("Records Reveal Mr. Fortenberry's incompetence Ignorance Of The Law Failing To Object To Unlawful Amendment To The Indictments . . . .")(all sic in original).

The state court record undermines Hicks' contention. Prior to trial, the State made two separate requests to amend the indictment. The State first sought to amend the indictment to charge Hicks, based on his prior felony convictions,[3] as a habitual offender pursuant to Mississippi Code Annotated § 99-19-81. *See* R. [8-1] at 21. At the pre-trial hearing, Hicks' trial counsel did not contest the factual basis of the State's request to amend the indictment; however, he did object to the timing of the request. S*ee* R. [8-3] at 10. Notwithstanding, the trial court granted the State's request because it was timely filed under the Mississippi Rules of Criminal Procedure, *see id.*, and because Hicks' two prior felony convictions qualified him as a habitual offender,[4]

---

[3] In August 2000, Hicks was convicted of felony grand larceny. R. [8-1] at 24-27. In September 2006, Hicks was convicted of being a felon in possession of a firearm. *Id.* at 23.

[4] Nowhere in his filings has Hicks attempted to establish that the trial court erred in determining that he qualified as a habitual offender under Mississippi Code Annotated § 99-19-81.

*see id*. at 44. It is worth noting that Hicks' trial counsel renewed the objection to the State's amendment of the indictment during the trial's sentencing phase. *See* R. [8-4] at 72-73.

The State sought a second amendment to the indictment to correct the date Hicks was found in possession of the stolen property. R. [8-1] at 61-62. As with the first request, Hicks' trial counsel objected to the timing of the request. R. [8-3] at 71. Hicks' trial counsel also objected based on the amendment's effect on Hicks' ability to prepare a trial defense. *Id*. When the trial judge inquired into whether Hicks was asserting an alibi that would be affected by the date change, however, Hicks' trial counsel responded, "not at this time, your honor." *Id*. The trial court determined that because the request to amend was one of "form and not substance," it should be granted. *Id*. at 71-72. Thus, Hicks' cursory assertion that his trial counsel failed to object to the amendments to the indictment is without merit.

Notwithstanding, Hicks has failed to demonstrate that the Mississippi Supreme Court's decision on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Hicks has failed to demonstrate that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Hicks has not shown any resulting prejudice from that allegedly deficient conduct. *Id*. at 694. Because, based on the record discussed above, there is at least a "reasonable argument that" Hicks' trial counsel "satisfied *Strickland's* deferential standard," the

Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas review is not warranted on this ground.

### 2. *Allegedly Failing to Object to the Violation of Hicks' Right to a Speedy Trial.*

Hicks next contends that his trial counsel was ineffective by allegedly failing to object to the violation of Hicks' right to a speedy trial. Pet. [1] at 26.

Once again, the state court record does not support Hicks' assertion. Hicks' trial counsel did not formally demand a speedy trial.[5] R. [8-1] at 41-42. Hicks' trial counsel did move to dismiss the case based on the State's failure to bring Hicks to trial. *Id*. When the trial court heard arguments on the motion, Hicks' trial counsel explicitly argued that the case should be dismissed for a violation of Hicks' "constitutional right to a speedy trial." R. [8-3] at 65. Thus, Hicks' assertion lacks merit.

Notwithstanding, Hicks has again failed to demonstrate that the Mississippi Supreme Court's decision on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Hicks has failed to demonstrate how his trial counsel's actions constitute a "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Hicks has not shown any resulting prejudice from that allegedly deficient action. Nor has Hicks demonstrated that had his trial counsel sought a dismissal based explicitly on the

---

[5] The undersigned notes that Hicks has not advanced any argument that his trial counsel was ineffective based on a failure to lodge a formal speedy trial demand. Instead, Hicks argues that his trial counsel acted ineffective by failing to object to the violation of his speedy trial rights. On this point, the undersigned also notes that Hicks requested, and the trial court granted, a continuance of the original trial date. *See* R. [8-1] at 12.

right to a speedy trial, as opposed to the failure to bring Hicks to trial, the trial court would have ruled differently on the dismissal request. *Id.* at 694. Because, based on the record discussed above, there is at least a "reasonable argument that" Hicks' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas review is not warranted on this ground.

### 3. Allegedly failing to object to lack of a proper arraignment.

Hicks next contends that his trial counsel was ineffective by allegedly failing to object to the lack of a proper arraignment. Pet. [1] at 26.

Yet again, the state court record does not support Hicks' assertion. The trial court heard oral argument on Hicks' motion to dismiss; the crux of that motion was the delay between indictment and arraignment. *See* R. [8-3] at 65-70. Hicks was indicted on September 8, 2015, served with a copy of the indictment on September 11, 2015, but not arraigned until April 20, 2017. *Id.* at 65.

Hicks argued that the over year and a half delay between service of the indictment and arraignment violated Mississippi Rule of Criminal Procedure 15's requirement that an arraignment occur within 30 days following service of the indictment. *Id.* at 65-66; *see* Miss. R. Crim. P. 15.1(a). The State rebutted that argument by pointing to the final sentence of Rule 15.1, *see* R. [8-3] at 67, which reads "[w]hen arraignment cannot be held within the time specified because the defendant is in custody elsewhere, it shall be held as soon as possible," Miss. R. Crim. P. 15.1(a). As the State explained, at the time it served the indictment, Hicks was already

incarcerated on different charges. R. [8-3] at 66. Because Hicks was being constantly moved between various county correctional facilities and MDOC facilities, and MDOC had not honored their initial detainer request, the State explained that it was not possible to hold the arraignment at an earlier date. *Id.* at 66-67. The trial court agreed with the State and essentially determined that Hicks had been arraigned as expeditiously as possible. *Id.* at 69-70. Thus, Hicks' assertion lacks merit.

Notwithstanding, Hicks has again failed to demonstrate that the Mississippi Supreme Court's decision on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Hicks has failed to demonstrate how his trial counsel's actions constitute a "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Hicks has not shown any resulting prejudice from that allegedly deficient action. Nor has Hicks demonstrated that had his trial counsel sought a dismissal based explicitly on the right to a speedy trial, as opposed to the failure to bring Hicks to trial, the trial court would have ruled differently on the dismissal request. *Id.* at 694. Because, based on the record discussed above, there is at least a "reasonable argument that" Hicks' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas review is not warranted on this ground.

### 4. *Allegedly Failing to Conduct a Sufficient Investigation, Call Witnesses, and Compel James Lewis to testify.*

Hicks next contends that his trial counsel was ineffective by allegedly failing to conduct a sufficient investigation. Pet. [1] at 26. Hicks further contends that his

trial counsel was ineffective by allegedly failing to call witnesses in Hicks' defense. Pet. [1] at 26. Hicks also specifically contends that his trial counsel was ineffective by failing to compel James Lewis to testify. Pet. [1] at 26.

The undersigned begins with Hicks' contention that his trial counsel acted ineffective by failing to conduct a sufficient investigation. To prevail on an inadequate investigation claim, a petitioner must show that a more thorough investigation would have, in fact, benefited his defense. In other words, the petitioner must show that allegedly exculpatory evidence existed and would have been revealed through additional efforts. *See Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998); *see also Brown v. Dretke*, 419 F.3d 365, 375 (5th Cir. 2005). A petitioner cannot show prejudice as to a claim that his counsel failed to investigate without adducing what the investigation would have shown and that the outcome would have been different as a result. *Diaz v. Quarterman*, 239 F. App'x. 886, 890 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 696).

Hicks has failed to establish an inadequate investigation claim. Hicks has not demonstrated that a more thorough investigation by his trial counsel would have benefited his defense. Specifically, Hicks has not demonstrated the existence of any exculpatory evidence that would have been revealed through additional efforts by his trial counsel. Nor has Hicks demonstrated the existence of any prejudice as a result of his trial counsel's allegedly inadequate investigation. Hicks has not established what the additional investigation would have established or that such further investigation would have led to a different outcome. Therefore, Hicks' claim

necessarily fails. *See, e.g., Cox v. Stephens*, 602 F. App'x. 141, 146 (5th Cir. 2015) (holding that "[b]are allegations" that counsel failed "to make an adequate investigation of potential witnesses" were insufficient to warrant relief); *United States v. Lewis*, 786 F.2d 1278, 1283 (5th Cir. 1986) ("Since Lewis has not pointed out any evidence which would have been produced by more thorough investigation, much less evidence that would be sufficient to undermine confidence in the outcome of the trial, no prejudice has been shown.").

Instead, Hicks offers only the conclusory allegation that his trial counsel failed to conduct a sufficient investigation. *See* Pet. [1] at 27. Such a conclusory allegation alone, however, cannot demonstrate deficient performance or prejudice under *Strickland*. *See Murphy v. Dretke*, 416 F.3d 427, 436-37 (5th Cir. 2005)(allegation of constitutional violation is insufficient for habeas relief); *Rhoades*, 852 F.3d 431-32 (habeas petitioner bears burden to demonstrate entitlement to relief under *Strickland*).

The undersigned next turns to Hicks' contention that his trial counsel acted ineffective by allegedly failing to call witnesses. Hicks' cursory allegation is insufficient to demonstrate either deficient performance or prejudice under *Strickland*. *See Murphy*, 416 F.3d at 436-37; *Rhoades*, 852 F.3d 431-32. The Fifth Circuit has long held that one essential element of a complaint of uncalled witnesses is that the witness's name must be provided. *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (quoting *Day v. Quaterman*, 566 F.3d 527, 538 (5th Cir. 2009)). Because Hicks complains of unspecified uncalled witnesses, this contention necessarily fails.

Finally, the undersigned turns to Hicks' contention that his trial counsel acted ineffective by failing to compel James Lewis ("Mr. Lewis") to testify at trial. The Fifth Circuit "has emphasized that 'complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). Moreover, a petitioner claiming "ineffective assistance based on counsel's failure to call a witness [is required] to demonstrate prejudice by 'nam[ing] the witness, demonstrat[ing] that the witness was available to testify and would have done so, set[ting] out the content of the witness's proposed testimony, and show[ing] that the testimony would have been favorable to a particular defense.'" *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (quoting *Day v. Quaterman*, 566 F.3d 527, 538 (5th Cir. 2009)).

In this instance, Hicks has identified the witness – Mr. Lewis – that he believes his trial counsel should have called to testify. But Hicks has not presented any affidavits from Mr. Lewis or any assurances that Mr. Lewis would have actually appeared at trial and testified for Hicks.[6] *Cockrell*, 720 F.2d at 1427 (finding that complaints of uncalled witnesses are not favored and an affidavit from the witness is necessary to demonstrate what the witness would have testified at trial).

Moreover, Hicks has failed to demonstrate that Mr. Lewis' testimony would have been favorable to his defense. The state court record tends to indicate the

---

[6] Hicks' trial counsel issued a subpoena to Mr. Lewis to testify; however, it does not appear that subpoena was ever served. *See* R. [8-1] at 34.

opposite. Respondents point out that both Hicks and Mr. Lewis were charged as co-defendants. *See* R. [8-1] at 5. In addition, the trial transcripts indicate that while the trial court had previously granted a motion in limine to prohibit the introduction of evidence related to Hicks' prior criminal history, the judge warned Hicks' counsel that Mr. Lewis' testimony might potentially open the door to questions about his and Hicks' involvement in prior criminal acts under Mississippi Rule of Evidence 404(b). R. [8-3] at 77-79. The trial transcripts also appear to indicate that Mr. Lewis, intentionally or inadvertently, led law enforcement to Hicks' house, where the stolen property, in this case, was located. *Id*. at 78.

Because Hicks has failed to demonstrate that Mr. Lewis was available and willing to testify and that his testimony would have been favorable to Hicks, he has failed to sustain an ineffective assistance of counsel claim based on an uncalled witness. Moreover, to the extent Hicks argues that his trial counsel was ineffective by not deciding to put Mr. Lewis on the stand, such a decision is a matter of trial strategy, *Woodfox*, 609 F.3d at 808, which is due a strong degree of deference, *Yohey*, 985 F.2d at 228.

Notwithstanding, Hicks has failed to demonstrate that the Mississippi Supreme Court's decision on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Hicks has failed to demonstrate that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Hicks has not shown any resulting prejudice from that allegedly deficient conduct. *Id*. at 694.

25

Because, there is at least a "reasonable argument that" Hicks' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas review is not warranted on this ground.

### 5. Allegedly Coercing Hicks not to Testify at Trial.

Hicks next contends that his trial counsel was ineffective by allegedly coercing him into not testifying at trial. *Id*. at 26. Specifically, Hicks claims that his trial counsel coerced him into not testifying by indicating that if Hicks did take the stand, the State would seek to use Hicks' prior convictions against him. *Id*. According to Hicks, had he been allowed to testify at trial, the jury would have found him not guilty. *Id*.

The state court record undermines Hicks' contention. The trial court granted Hicks' motion in limine, prohibiting the introduction of evidence related to Hicks' prior criminal history. R. [8-3] at 77-79. However, the trial judge warned, during an in-chambers hearing, that if Hicks, or any witnesses Hicks put on the stand, brought up his "co-defendant," which had previously been identified as Mr. Lewis, it may potentially open the door to the introduction of evidence regarding Hicks' and Mr. Lewis' involvement in prior criminal acts under Mississippi Rule of Evidence 404(b). *Id*.

After the State rested its case and the defense's directed verdict request was denied, the trial judge advised Hicks of his right to testify at trial in the following exchange:

THE COURT: Now at this time, Mr. Hicks, let me go ahead and explain to you some things. You have the right to testify in your own behalf. If you choose to testify, however, you will be subject to cross-examination just as any other witness would be. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, *if you decide to testify, I will want to know that your decision to testify was made freely and voluntarily. I'll also want to know that your decision was made free from any threats, intimidation, or coercion.* Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You also have the right not to testify, and if you choose not to testify, it cannot be commented on or used against you in any way. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: In fact, if your attorney requests the Court to do so, I will instruct the jury at the close of evidence that they cannot consider your failure to testify against you in any way. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Again –

MR. FORTENBERRY: And we do so request.

THE COURT: Sir?

MR. FORTENBERRY: We do so request.

THE COURT: Very well. We will have that instruction. And again, Mr. Hicks, *if you decide not to testify, I will want to know that that decision was also freely and voluntarily made without any coercion,* or promises, or threats made against you. Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Mr. Fortenberry, do you want to take just a moment to confer with your client to see if he wishes to testify?

MR. FORTENBERRY: Yes, Your Honor, I do.

* * * *

THE COURT: Mr. Fortenberry, you have had an opportunity to consult with your client, Mr. Hicks.

MR. FORTENBERRY: Yes, Your Honor.

THE COURT: All right. Does he wish to testify?

MR. FORTENBERRY: He does not.

THE COURT: All right. Is that right, Mr. Hicks? You *choose* not to testify?

THE DEFENDANT: Yes, sir.

*See* R. [8-4] at 39-41(emphasis added).

As the record makes clear, Hicks was informed of his right to testify and not to testify at trial. And Hicks was informed, before making his decision, that the decision must be made freely and voluntarily, without coercion. Yet, when asked whether he wished to testify on his own behalf, Hicks freely and voluntarily declined. Thus, Hicks' trial statements undermine his contentions that he was not allowed the opportunity to testify at trial and that he was coerced into not testifying.

Even if Hicks' allegation that his trial counsel advised him of the possibility that taking the stand may open the door to the State seeking to use his prior convictions against him is true, that does not constitute ineffective assistance of counsel. The decision to advise a client against taking the stand is a classic strategic decision that is due a "strong degree of deference." *See Rhoades*, 852 F.3d at 432. And where, as here, Hicks' trial counsel made a "conscious and informed decision on trial tactics and strategy," counsel's decision "cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Miller*, 420 F.3d at 361 (internal citation and quotation marks omitted). Hicks has not made that showing.

Notwithstanding, Hicks has failed to demonstrate that the Mississippi Supreme Court's decision on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d

at 318. Hicks has failed to establish that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Hicks has not shown any resulting prejudice from that allegedly deficient conduct. *Id.* at 694. Because, based on the discussion above, there is at least a "reasonable argument that" Hicks' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas review is not warranted on this ground.

### 6. Allegedly Failing to Object to Insufficient Evidence and Miss. Code Ann. § 97-17-70 as Unconstitutional.

Hicks further contends that his trial counsel was ineffective by failing to object to allegedly insufficient evidence and by failing to object to Mississippi Code Annotated § 97-17-70 as unconstitutional. Pet. [1] at 26.

The undersigned begins with Hicks' contention that his trial counsel was ineffective by failing to object to allegedly insufficient evidence. Pet. [1] at 26. Hicks fails to explain to what allegedly insufficient evidence his trial counsel should have objected. Such a cursory allegation is insufficient to warrant federal habeas relief. *See, e.g., Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)) (citing *Ross v. Estelle*, 694 F.3d 1008, 1012 (5th Cir. 1983)) ("'This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.'").

Moreover, the state court record undermines Hicks' assertion. At the close of the State's case-in-chief, Hicks' trial counsel moved for a directed verdict on the

ground that the State had failed to present sufficient evidence to prove the elements of the charged offense. R. [8-4] at 36-37. Hicks' trial counsel specifically argued that "the State failed to prove that my client intentionally possessed the vehicle knowing that the property was stolen." *Id*. at 37. The trial judge concluded that the State had carried its burden of proof and that the evidence presented established factual questions within the jury's province. *Id*. at 38-39. Thus, Hicks' claim that his trial counsel was ineffective by failing to object to insufficient evidence lacks merit.

Notwithstanding, Hicks has failed to demonstrate that the Mississippi Supreme Court's decision on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Hicks has failed to establish that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Hicks has not shown any resulting prejudice from that allegedly deficient conduct. *Id*. at 694. Because, based on the discussion above, there is at least a  "reasonable argument that" Hicks' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas review is not warranted on this ground.

Next, the undersigned turns to Hicks' contention that his trial counsel acted ineffective by failing to object to Mississippi Code Annotated § 97-17-70 as unconstitutionally vague. Pet. [1] at 26. Hicks argues that Mississippi Code Annotated § 97-17-70 permits an individual to be convicted "for not knowing property stolen." Pet. [1] at 26.  Hicks further argues that the type of language employed in

the statute "is unconstitutional requiring mechanics to call police to check and see if every vehicle someone brings them for repairs is stolen or face conviction for not knowing such failure is crime." *Id* (all sic in original).

Beyond his cursory assertions,[7] Hicks fails to present any legal authority to support the argument that Mississippi Code Annotated § 97-17-70 is unconstitutionally vague. Mississippi Courts have routinely upheld convictions under Mississippi Code Annotated § 97-17-70. *See e.g., Harris v. State*, 311 So.3d 638 (Miss. Ct. App. 2020); *Wilson v. State*, 194 So.3d 855 (Miss. 2016). The undersigned has not located any state or federal court decision calling into question the constitutionality of Mississippi Code Annotated § 97-17-70.

Given the dearth of any legal authority to support an argument that Mississippi Code Annotated § 97-17-70 is unconstitutional, Hicks' trial counsel cannot be deemed ineffective for failing to lodge a meritless objection. *See Jackson v. Johnson*, 150 F.3d 520, 525-26 (5th Cir. 1998) (holding that an attorney's failure to raise a meritless argument cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *see also Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

---

[7] As the undersigned has already explained, such a conclusory allegation alone is insufficient to demonstrate either deficient performance or prejudice under *Strickland. See Murphy*, 416 F.3d at 436-37; *Rhoades*, 852 F.3d 431-32.

More importantly, Hicks has failed to demonstrate that the Mississippi Supreme Court's determination on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Hicks has failed to establish that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Hicks has not shown any resulting prejudice from that allegedly deficient conduct. *Id*. at 694. Because, based on the discussion above, there is at least a "reasonable argument that" Hicks' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas review is not warranted on this ground.

### 7. *Allegedly Failing to File Certain Motions.*

Hicks finally contends that his trial counsel was ineffective by failing to file certain motions. Pet. [1] at 27.

First, Hicks asserts that his trial counsel acted ineffectively by failing to file a motion to suppress the Rankin County arrest warrant. Pet. [1] at 27. Hicks' trial counsel did not file a motion to suppress that warrant. Still, he did file a motion in limine to exclude evidence related to "[a]ny and all criminal history which the Defendant may have bee[n] involved; [a]ny and all other prior criminal history of the Defendant . . . ." R. [8-1] at 15. And the trial court granted that motion. *See* R. [8-3] at 10-15.

But Hicks has failed to demonstrate how his trial counsel's action constitutes a "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Hicks has

not shown any resulting prejudice from that action or demonstrated that had his trial counsel filed a motion to suppress instead of a motion in limine, the trial outcome would have been different. *Id*. at 694. As Respondents correctly point out, the Rankin County arrest warrant is not in the record, involved a separate charge not at issue in this case, and was not the basis for the conviction or sentence in this matter. Resp. [7] at 27. Given those circumstances, the motion to suppress that Hicks urges could be seen as a meritless motion. And the Fifth Circuit has long held that trial counsel cannot be deemed ineffective for failing to file a meritless motion. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Because there is at least a "reasonable argument that" Hicks' trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Therefore, this contention is without merit.

Next, Hicks asserts that his trial counsel was ineffective by failing to move to quash the amended indictments. Pet. [1] at 28. As previously discussed, Hicks' trial counsel objected to both of the State's requests to amend the indictment, and the trial judge overruled both objections. Because the trial court had already ruled on that issue, any motion raising that same issue would have been meritless. Therefore, Hicks' trial counsel cannot be deemed ineffective for failing to file a meritless motion to quash the amended indictments. *See Gibson*, 55 F.3d at 179; *Koch*, 907 F.2d at 527. Thus, this contention also lacks merit.

For those reasons, Hicks has failed to demonstrate that the Mississippi Supreme Court's determination on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Accordingly, federal habeas review is not warranted on this ground.

> b.   *Ineffective Assistance of Appellate Counsel Claim*

Finally, Hicks contends that his appellate counsel acted ineffective by failing to raise a claim that Hicks' trial counsel was ineffective. Pet. [1] at 26.

A criminal defendant is entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Dorsey v. Stephens*, 720 F.3d 309, 319-21 (5th Cir. 2013). Claims of ineffective assistance of counsel on appeal are also governed by *Strickland* standards, which require a petitioner to show that counsel's performance was deficient and that the petitioner was prejudiced. *Id.* at 319 (citing *Strickland*, 466 U.S. at 687). As with *Strickland* claims regarding trial counsel, the Court's review is "highly deferential," and "doubly deferential" on habeas review. *Id.* Appellate counsel is not required to "raise every nonfrivolous ground of appeal available." *Id.* at 320 (internal citation and quotation marks omitted). "[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)).

Because appellate counsel filed a merits brief, *see* R. [8-6] at 1-23, the undersigned must presume that he exercised reasonable professional judgment in selecting the issues for appeal. *See Smith*, 428 U.S. at 288. Hicks has not offered any evidence to support a determination that failure to include a claim that Hicks' trial counsel was ineffective minimized Hicks' chances of success on appeal. Nor does it appear, based on the extensive analysis above, that submitting such a claim on appeal would have maximized Hicks' chances of success. Thus, Hicks has failed to demonstrate that his appellate counsel's performance was deficient.

Consequently, Hicks has failed to demonstrate that the Mississippi Supreme Court's decision on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Hicks has failed to establish that his appellate counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Hicks has not shown any resulting prejudice from that allegedly deficient conduct. *Id*. at 694. Because, based on the discussion above, there is at least a "reasonable argument that" Hicks' appellate counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas review is not warranted on this ground.

## C.    Petitioner's Request for an Evidentiary Hearing.

Hicks also asks the Court to conduct an evidentiary hearing. Pet. [1] at 15. Rule 8(a) of the Rules Governing Section 2254 Proceedings provides that if a petition is not dismissed, "the judge must review the answer, any transcripts and records of

state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a) of Rules Governing Section 2254 Proceedings. Pursuant to 28 U.S.C. § 2254(e)(2),

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on--
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

Hicks has not shown that the Court has discretion to grant an evidentiary hearing. Hicks has not argued or shown that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Nor has he shown the existence of a factual predicate that could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C. § 2254(e)(2). Finally, Hicks has not shown that the facts underlying his claims would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found

him guilty of the underlying offense. *See id.* Therefore, the undersigned recommends that Hicks' request for an evidentiary hearing be denied.

## III. <u>RECOMMENDATION</u>

For the reasons stated above, the undersigned United States Magistrate Judge recommends dismissing Petitioner Mark Hicks' [1] Petition for Writ of Habeas Corpus with prejudice. The undersigned further recommends that Petitioner's request for an evidentiary hearing be denied.

## IV. <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996).

      **SIGNED,** this the 12th day of January 2023.


                                     *s/ Bradley W. Rath*

                                     BRADLEY W. RATH
                                     UNITED STATES MAGISTRATE JUDGE